## ROSEBROOKS *v.* DINSMORE.

March, 1867.

Reversing 4 *Robt.* 672.

In an action against a carrier, under a complaint which alleges that before the arrival of the goods at their original destination the consignee had left that place, and the carrier was directed to forward the goods from thence to him at another place, but that he neglected so to do, and so negligently acted that the goods were lost,—evidence that when the property had reached its destination the consignee's agent demanded a delivery of it, which was refused by reason of the negligence of the defendant, the carrier—will sustain a recovery, there being no objection taken at the trial to the variance.

An objection at the trial might be obviated by amendment.

Henry W. Rosebrooks sued William B. Dinsmore, president of Adams Express Company, in the New York superior court, to recover the value of goods shipped for plaintiff by the defendants in the fall of 1862, from New York, to a consignee (Cantwell) at Harper's Ferry, Virginia.

The allegations of the complaint material to the question of variance were as follows: The plaintiff's assignors shipped the goods by the defendants, directed to one William Cantwell, at Harper's Ferry, in the State of Virginia. That said goods were received by said Adams Express Company, and by them agreed to be forwarded to said Harper's Ferry, and the same were actually forwarded to Harper's Ferry by said Adams Express Company.

"That before the arrival of said goods at Harper's Ferry, said William Cantwell, the consignee thereof, had removed from said Harper's Ferry, of which removal said Adams Express Company was duly notified; and thereupon said Adams Express Company were duly notified and directed to forward said goods to the address of said William Cantwell, at the city of Washington aforesaid.

"That said company undertook to forward said goods to Washington as aforesaid, but instead thereof, said company so negligently acted in the premises at Harper's Ferry aforesaid, that said goods, through the negligence and improper care of

said Adams Express Company, were wholly lost or destroyed.

"Wherefore, &c."

Upon the trial before the referee, it appeared that a portion of the goods arrived at Sandy Hook, a place about a mile from Harper's Ferry, on the opposite side of the river, and, shortly after, the consignee demanded the goods there of the agent of the defendants, who refused to deliver them. The referee reported in favor of the plaintiff for the value, at Harper's Ferry, of the goods so demanded, with interest. Judgment was entered on the report accordingly, with costs.

*The superior court,* at general term, reversed the judgment, and ordered a new trial, on the ground that the evidence amounted to a variance, leaving the cause of action unproved in its entire scope and meaning. Reported in 4 *Robt.* 672.

Plaintiffs appealed.

*Torrance & Spaulding,* for the plaintiff, appellant;—Cited Belknap *v.* Sealey, 14 *N. Y.* 144; Parsons *v.* Suydam, 3 *E. D. Smith,* 280; Manice *v.* Brady, 15 *Abb. Pr.* 173; Day *v.* Roth, 18 *N. Y.* 448; Stevens *v.* Boston & Maine R. R. Co., 1 *Gray,* 277.

*Clarence A. Seward,* for the defendant, respondent.—The gravamen of the complaint was: 1. Neglect to forward the goods from Harper's Ferry to Washington; and, 2. Negligence and improper care of the goods at Harper's Ferry, whereby the goods were destroyed,—and the plaintiff entirely failed to prove his case, and the referee has rendered judgment, not for a refusal to forward, nor for neglect of the care of the goods at Harper's Ferry, both of which charges were based upon contract, but *ex delicto,* for a conversion of some of the goods at Sandy Hook. This he could not properly do. Bailey *v.* Ryder, 19 *N. Y.* 363; *Voorhies' Code,* § 171, and cases cited in notes; Saltus *v.* Genin, 3 *Bosw.* 250; Whitcomb *v.* Hungerford, 42 *Barb.* 177; Cowenhoven *v.* City of Brooklyn, 38 *Id.* 9; Gaspar *v.* Adams, 28 *Id.* 441. But, if the case was one of

variance, an amendment should not have been allowed without putting the plaintiff to his motion, because the variance was material, and misled the defendant.

BY THE COURT.—SCRUGHAM, J.—The gravamen of the action is the loss of the property through the negligence of the defendant.

The agent of the plaintiff's assignor had the right to demand and receive it, when he applied for it at Sandy Hook; the property was not then *in transitu*, but had reached its destination, as the contract was to convey it to Harper's Ferry, or to the defendant's agency nearest or most convenient to it. Such was Sandy Hook, and the goods could not at that time be taken farther by the defendant.

The agent of the plaintiff's assignor was authorized by the defendant's agent at Harper's Ferry to apply for the goods at Sandy Hook.

The refusal to deliver them was wrongful, and its result was their loss. The wrong would not have been committed but for the negligence of defendant in not sending a proper way-bill.

The box of candies was delivered, by mistake of defendant's agent, to the wrong persons, and lost to plaintiff's assignor.

There can be no doubt of this being attributable to defendant's negligence.

It was not claimed on the trial that the case proved varied from that pleaded; nor was any of the evidence objected to on the ground that it did not correspond with the allegations of the complaint.

If that objection had then been taken, the referee might have permitted an amendment of the complaint, and if the defendant alleged surprise, might have imposed terms to prevent it. It was late for the defendant to be surprised after report.

The order granting a new trial should be reversed, and the judgment entered on report of referee affirmed.

All the judges concurred.

Judgment accordingly.